UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAPITOL SPECIALTY INSURANCE CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>GRIFFIN CUSTOM HOMES, INC., a Washington corporation, WILLIAM HAMILTON nka WILLIAM RYAN, an individual,<br><br>Defendants. | CAUSE NO.  3:21-cv-5354<br><br>COMPLAINT FOR DECLARATORY RELIEF |

COMES NOW Capitol Specialty Insurance Corporation, ("CSIC") by and through its counsel of record Matthew S. Adams and for its claims against the defendants, alleges as follows:

**I.    PARTIES**

1.1    Plaintiff CSIC is a Wisconsin corporation with its principal place of business in Wisconsin.

1.2    Griffin Custom Homes, Inc. ("Griffin") is a Washington Corporation, with its principal place of business in Clallam County, Washington.

///

COMPLAINT FOR DECLARATORY RELIEF – PAGE 1
CAUSE NO. 3:21-cv-5354

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

2621670 / 721.0040

1.3     On information and belief, William Hamilton nka William Ryan ("Hamilton") is a Washington resident.

## II. JURISDICTION AND VENUE

2.1     This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and Federal Rules of Civil Procedure, Rule 57 to resolve an actual controversy between the parties as set forth herein.

2.2     This Court has diversity jurisdiction under 28 U.S.C. §1332 because there is complete diversity of citizenship between plaintiff and defendants, and the amount at issue exceeds $75,000.  Griffin seeks insurance coverage under a policy of insurance issued by plaintiff, with policy limits of $1 million.

2.3     Venue is proper under 28 U.S.C. §128(a), because the Western District of Washington, Tacoma, encompasses Sequim, where the insured's business is located.

## III.    FACTS

3.1     Griffin was retained as the general contractor to build a single-family home in Sequim, Washington.

3.2     Griffin hired Liquid Painting Inc., to perform painting work at said home.

3.3     Hamilton was an employee of Liquid Painting Inc., and performed work at the home for Liquid Painting Inc.

3.4     Upon information and belief, Liquid Painting Inc., also had a contractual agreement with Green and Red Company; upon information and belief, Hamilton was working at the single-family home pursuant to said contractual agreement between his direct employer, Liquid Painting Inc., and Green and Red Company.

3.5     Hamilton alleges that on April 26, 2018, he was injured in a fall from a deck.

COMPLAINT FOR DECLARATORY RELIEF – PAGE 2
CAUSE NO. 3:21-cv-5354

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

2621670 / 721.0040

3.6    Hamilton has filed suit against Griffin, Green and Red Company, and the owners of the home in the Superior Court for Clallam County, seeking to recover from Griffin for injuries allegedly sustained in the fall from the deck (the "Underlying Action").

3.7    CSIC issued policy no. CS01232604-09 to Griffin for the period January 15, 2018 to January 15, 2019 ("Policy").

3.8    The Policy's Commercial General Liability Coverage form on ISO form no. CG 00 01 04 13 provides:

SECTION I – COVERAGES

COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.    Insuring Agreement

   a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . .

3.9    By endorsement, the Policy excludes coverage for injury to non-employee laborers and contracted persons. The Policy includes the Exclusion – Injury to Workers Endorsement on form no. CGL 486 (02-16). It provides:

**EXCLUSION – INJURY TO WORKERS ENDORSEMENT**

The endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

It is hereby understood and agreed that Paragraph **2. Exclusions of Section**

COMPLAINT FOR DECLARATORY RELIEF – PAGE 3
CAUSE NO. 3:21-cv-5354

2621670 / 721.0040

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

**I-Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2. Exclusions of Section I – Coverage C – Medical Payments** are amended by addition of the following exclusion at the end thereof:

This insurance does not apply to any claim arising from "bodily injury" to:

**a.** Any contractor or subcontractor hired or retained by or for any insured;

**b.** Any person who is an "employee", "temporary worker", "volunteer worker" or non-"employee" laborer of any contractor or subcontractor who was hired or retained by or for any insured;

**c.** Any "volunteer worker", "temporary worker" or non-"employee" laborer of any insured arising out of and in the course of performing duties related to the conduct of the insured's business or

**d.** The spouse, child, parent, brother or sister of that contractor, subcontractor, "employee", "temporary worker", "volunteer worker" or non-"employee" laborer as a consequence of paragraphs **a., b.,** or **c.** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or to repay someone else who must pay damages because of the "bodily injury" described in paragraphs **a., b., c.,** or **d.** above.

A contractor or subcontractor will be considered to be hired or retained by or for any insured if the contractor or subcontractor was:

**a.**     Hired directly by any insured; or

**b.**     Hired by another contractor or subcontractor who was hired by any insured.

**All Other Terms, Conditions And Limitations Of This Policy Shall Remain Unchanged.**

3.10   The Policy includes an endorsement which amends conditions related to subcontracted work, mandating that any subcontractors hired by Griffin to perform work must have certain minimal insurance. The Amendment of Conditions – Subcontracted Work

///

///

COMPLAINT FOR DECLARATORY RELIEF – PAGE 4
CAUSE NO. 3:21-cv-5354

2621670 / 721.0040

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

endorsement on form no. CGL 495 (02-16) states:

**AMENDMENT OF CONDITIONS – SUBCONTRACTED WORK**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

It is hereby understood and agreed:

    **A.**    The following is added to **Section IV – Commercial General Liability Conditions:**

**Subcontracted Work**

The Contractors – Subcontracted Work classification(s) on this policy apply(ies) to that portion of the operations performed by "adequately insured" subcontractors hired by the insured.
For the purposes of this endorsement, "adequately insured" means you have obtained a certificate of insurance from the subcontractor evidencing that the subcontractor carries a Commercial General Liability Coverage Part policy with at least the following minimum Limits of Insurance:

| | |
|---|---|
| Each Occurrence Limit | $1,000,000 |
| General Aggregate Limit | $2,000,000 |
| Products-Completed Operations Aggregate Limit | $1,000,000 |
| Personal And Advertising Injury Limit | $1,000,000 |

(If no entry appears above, the minimum limits of insurance will be equal to the limits of insurance shown in the declarations.)

    3.11    By way of the Limitation of Coverage to Designated Classification(s) Endorsement on form no. CGL 441 (09-15), the coverage provided by the Policy was limited to certain work set

///

///

///

COMPLAINT FOR DECLARATORY RELIEF – PAGE 5
CAUSE NO. 3:21-cv-5354

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

2621670 / 721.0040

forth in the endorsement, which states:

**LIMITATION OF COVERAGE TO**

**DESIGNATED CLASSIFICATION(S) ENDORSEMENT**

\*\*\*

This insurance only applies to those classification(s) listed on the DECLARATIONS PAGE, the COMMERCIAL GENERAL LIABILITY SCHEDULE, or on an endorsement attached to this policy.

There is no coverage provided hereunder for any classification(s) that are not listed.

**All Other Terms, Conditions And Exclusions Of This Policy Remain Unchanged**

3.12   The Policy identifies the following classifications in the declarations:

91340 – Carpentry – Construction of residential property not exceeding three stories in height

91342- Carpentry-NOC

98304 – Painting-Exterior – Buildings or structures – Three stories or less in height –NOC

92338 – Dry wall or wallboard installations

91583 – Contractors – subcontracted work – In connection with building construction, reconstruction, repair or erection – one or two family dwellings.

3.14   Hamilton was not employed by Griffin.

3.15   Hamilton was employed by an entity who contracted with Griffin, or who contracted with an entity performing work on Griffin's behalf.

### IV.   **FIRST CAUSE OF ACTION**

**Declaratory Relief: No Duty to Defend**

4.1   CSIC reasserts and re-alleges the allegations in each of the foregoing paragraphs as

COMPLAINT FOR DECLARATORY RELIEF – PAGE 6
CAUSE NO. 3:21-cv-5354

2621670 / 721.0040

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

fully set forth herein.

    4.2    Griffin seeks coverage under certain policies issued by CSIC for alleged injury to Hamilton as the result of work done on behalf of Griffin.

    4.3    There is an actual and justiciable controversy between plaintiff and defendants with respect to whether the policy provides coverage for Hamilton's claims given the claims alleged in the Underlying Action and the exclusions contained in the Policy.

    4.4    CSIC is informed and believes and thereon alleges that Griffin contends that CSIC has a duty to defend Griffin in connection with the Underlying Action under the Policy.

    4.5    CSIC contends that the Policy does not provide coverage for the defense of Griffin in the Underlying Action.

    4.6    In accordance with the insuring agreement, provisions, terms, conditions, exclusions, and endorsements of the Policy, CSIC has no duty to defend Defendant in the Underlying Action under the Policy or applicable law, in whole or in part, for the following reasons:

    a.    No coverage is afforded for the Underlying Action as Hamilton was not employed by Griffin;

    b.    There is no coverage afforded the Underlying Action to the extent that Hamilton was employed by an entity who contracted with Griffin, or who contracted with an entity performing work on Griffin's behalf;

    c.    There is no coverage afforded the Underlying Action to the extent that Hamilton was an employee of an independent contractor; and

    d.    There is no coverage afforded the Underlying Action to the extent that Liquid Paint, Inc., was not an "adequately insured" subcontractor.

COMPLAINT FOR DECLARATORY RELIEF – PAGE 7
CAUSE NO. 3:21-cv-5354

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

2621670 / 721.0040

4.7     CSIC also relies upon all additional terms, definitions, exclusions, conditions and endorsements in the Policy not specifically identified herein that potentially limit or preclude coverage for the duty to defend Griffin under the Policy for the Underlying Action.

4.8     CSIC seeks a declaration that its policy does not provide defense for the claims made against Griffin in the Underlying Action.

## V.     SECOND CAUSE OF ACTION
### Declaratory Relief: No Duty to Indemnify

5.1     CSIC reasserts and re-alleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

5.2     There exists a genuine and bona fide dispute and an actual controversy and disagreement between CSIC and Griffin regarding whether CSIC has a duty to indemnify Griffin in connection with the Underlying Action.

5.3     CSIC is informed and believes and thereon alleges that Griffin contends that CSIC has a duty to indemnify Griffin in connection with the Underlying Action under the Policy.

5.4     CSIC contends that the Policy does not provide coverage for the indemnity of Griffin in the Underlying Action for the following reasons:

    a.     No coverage is afforded for the Underlying Action to the Hamilton was not employed by Griffin;

    b.     There is no coverage afforded the Underlying Action to the extent that Hamilton was employed by an entity who contracted with Griffin, or who contracted with an entity performing work on Griffin's behalf;

    c.     There is no coverage afforded the Underlying Action to the extent that Hamilton was an employee of an independent contractor;

COMPLAINT FOR DECLARATORY RELIEF – PAGE 8
CAUSE NO. 3:21-cv-5354

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

2621670 / 721.0040

      d.      There is no coverage afforded the Underlying Action to the extent that Liquid Paint, Inc., was not an "adequately insured" subcontractor.

5.5    CSIC also relies upon all additional terms, definitions, exclusions, conditions and endorsements in the Policy not specifically identified herein that potentially limit or preclude coverage for the duty to defend Griffin under the Policy for the Underlying Action.

5.6    CSIC seeks a declaration that its policy does not provide indemnification for the claims made against Griffin in the Underlying Action.

## VI. **RELIEF REQUESTED**

WHEREFORE, CSIC prays for judgment against Defendants as follows:

1. That the Court determine, decree, and adjudge that CSIC is entitled to a declaration that it has no duty to defend Griffin in the Underlying Action under the Policy;

2. That the Court determine, decree, and adjudge that CSIC is entitled to a declaration that it has no duty to indemnify Griffin in the Underlying Action under the Policy;

3. That Hamilton be bound by any declaration of coverage rendered against Griffin;

4. For attorneys' fees and costs;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court deems fit and proper under the circumstances and evidence.

Dated this 12th day of May, 2021.

        By: *s/ Matthew S. Adams*
           Matthew S. Adams, WSBA #18820
           Ryan J. Hesselgesser, WSBA #40720
           Galina Kletser Jakobson WSBA #49501
           Forsberg & Umlauf, P.S.
           901 Fifth Ave., Suite 1400
           Seattle, WA  98164

COMPLAINT FOR DECLARATORY RELIEF – PAGE 9
CAUSE NO. 3:21-cv-5354

2621670 / 721.0040

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

Phone: (206) 689-8500
Fax: (206) 689-8501
Email: MAdams@FoUm.law
Email: RHesselgesser@foum.law
Email: GJakobson@FoUm.law

*Attorneys for Plaintiff Capitol Specialty Insurance Company*

COMPLAINT FOR DECLARATORY RELIEF – PAGE 10
CAUSE NO. 3:21-cv-5354

2621670 / 721.0040

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX